UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Nerye Aminov, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    - v. -<br><br>DraftKings, Inc.,<br><br>    Defendant. | Civil Action No. 24-cv-8472<br><br>**NOTICE OF REMOVAL** |

   PLEASE TAKE NOTICE, pursuant to 28 U.S.C. § 1332, 1441 and 1446, Defendant DraftKings Inc., by and through its undersigned counsel, hereby removes the above-entitled action from the Supreme Court of the State of New York, County of Queens, to the United State District Court for the Eastern District of New York ("Notice of Removal"). In support of this Notice of Removal, DraftKings states as follows:

   1.  Plaintiff Nerye Aminov, individually and on behalf of similarly situated individuals, commenced this action against DraftKings on September 30, 2024, in the Supreme Court of the State of New York, County of Queens, Index No. 720194/2024, captioned *Nerye Aminov, individually, and on behalf of all others similarly situated v. DraftKings Inc.* (the "State Court Action"). A copy of the Summons and Complaint filed in the State Court Action is attached hereto as **Exhibit A**. Plaintiff served the Summons and Complaint on November 11, 2024. A copy of the proof of service is attached hereto as **Exhibit B**. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendant in this action are attached to this Notice, namely, the Summons and Complaint (**Exhibit A**) and proof of service (**Exhibit B**).

1

2. The Supreme Court of the State of New York, County of Queens, is located within the Eastern District of New York. This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

## ALLEGATIONS OF THE COMPLAINT

3. This is a putative class action on behalf of Plaintiff and other customers of DraftKings.

4. Plaintiff alleges, among other things, that DraftKings misrepresented a new customer promotion, thereby inducing Plaintiff to sign up for DraftKings' services.

5. Plaintiff seeks to represent the following putative class:

"**Nationwide Class**:

All persons who opened an account and deposited funds with DraftKings' sports betting platform in response to the '$1,000 Deposit Bonus' promotion or similar promotion and placed monetary bets through DraftKings' sports betting platform and were damaged thereby." **Exhibit A**, Compl. ¶ 55.

6. Plaintiff also seeks to represent the following putative sub-class:

"**New York Subclass**:

All New York residents who opened an account and deposited funds with DraftKings' sports betting platform in response to the '$1,000 Deposit Bonus' promotion or similar promotion and placed monetary bets through DraftKings' sports betting platform and were damaged thereby." *Id.*

7. On behalf of Plaintiff and the putative class, the Complaint attempts to state claims for violations of New York General Business Law sections 349 and 350; intentional

misrepresentation "under the common law"; fraudulent inducement; and quasi-contract and unjust enrichment/restitution. Compl. ¶¶ 17-22.

8. The Complaint seeks, among other things, declaratory and injunctive relief, restitution, disgorgement, compensatory damages, punitive damages, fees, costs, and interest. Compl. ¶ 23.

## BASIS FOR REMOVAL

9. Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), which grants district courts original subject matter jurisdiction over putative class actions involving over 100 putative class members, where any member of the putative class of plaintiffs is a citizen of a State different from any defendant, and in which the amount in controversy in the aggregate exceeds $5 million. As set forth below, this action satisfies each of the requirements of 28 U.S.C. § 1332(d)(2).

10. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty days from November 11, 2024, the date upon which DraftKings received the Complaint and Summons. No previous notice of removal has been filed or made to this Court for the relief sought herein.

**Putative Class Action.**

11. This action meets the CAFA definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a) & (b). Plaintiff seeks certification of a class under NY CPLR § 901, New York's analog to Fed. R. Civ. P. 23. *See* Compl. ¶ 55.

3

**Putative Class Consisting of More Than 100 Members.**

12.    The Complaint alleges that "the Classes [sic] number is greater than one hundred individuals." Compl. ¶ 58.

13.    There are more than 100 New York residents who opened an account and deposited funds with, and placed monetary bets through, DraftKings' sports betting platform when the $1,000 deposit bonus promotion at issue in the Complaint was in effect.

14.    Accordingly, the aggregate number of members of the proposed class is greater than 100 persons for purposes of 28 U.S.C. § 1332(d)(5)(B).

**CAFA Diversity.**

15.    The required diversity of citizenship under CAFA is satisfied because "any member of a class of Plaintiffs is a citizen of a State different from any Defendant." 28 U.S.C. § 1332(d)(2)(A).

16.    DraftKings is Nevada corporation headquartered in Boston, Massachusetts.

17.    Plaintiff alleges that "at all relevant times, [he] was a citizen and resident of Queens, New York." *See* Compl. ¶ 9. Thus, as alleged in the Complaint, Plaintiff is a citizen of New York.

18.    Accordingly, at least one proposed class member is a citizen of a State different from a defendant, thus satisfying the minimal diversity requirements of 28 U.S.C. § 1332(d)(2)(A).

**Amount in Controversy.**

19.    Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6). Without conceding any merit

to the Complaint's allegations or causes of action, the amount in controversy satisfies this jurisdictional threshold.

20. Plaintiff, on behalf of the putative class, seeks "the full $1,000 Deposit Bonus he was promised." Compl. ¶ 54. According to DraftKings' records from 2022, more than 5,000 customers in New York alone signed up for DraftKings' services while the $1,000 deposit bonus promotion was in effect. (Declaration of David Foppert In Support Of Notice of Removal, **Exhibit C**, ¶ 3.) Plaintiff, on behalf of the putative class, also seeks treble damages (presumably pursuant to N.Y. GBL § 350-e(3)). Compl. ¶ 79. Thus, the amount in controversy of the putative class claim is at least $5,000,000. The actual amount in controversy is likely substantially higher in light of Plaintiff's nationwide class claims.

21. While DraftKings disputes that it is subject to suit, that it is liable to Plaintiff or the putative class, that Plaintiff or the putative class suffered any injury or incurred damages in any amount whatsoever, and that any class is certifiable, for purposes of satisfying the jurisdictional prerequisites of CAFA, the amount in controversy exceeds $5 million.

**No Joinder.**

22. No other defendants have been identified by Plaintiff and no other defendants are required to consent to removal based on CAFA. 28 U.S.C. § 1453(b).

## RESERVATION OF RIGHTS AND DEFENSES

23. By filing this Notice of Removal, DraftKings does not waive any defenses that may be available to it and reserves all such defenses and does not waive its contractual dispute resolution rights. DraftKings does not concede that Plaintiff states any claim upon which relief can be granted, or that Plaintiff is entitled to any relief of any nature.

24. If any challenges to the propriety of the removal of this action arise, DraftKings respectfully requests the opportunity to present oral argument and/or additional evidence.

25. Counsel for DraftKings certifies, pursuant to 28 U.S.C. §§ 1446(d) and 1453, that it will promptly file a copy of this Notice with the clerk of the Supreme Court of the State of New York, County of Queens, and written notice is being provided to all other parties.

WHEREFORE, DraftKings hereby removes this Action to this Court from the Supreme Court of the State of New York, County of Queens.

DATED: December 11, 2024

By: /s/ Alan Schoenfeld
Alan Schoenfeld
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212-937-7294
Email: alan.schoenfeld@wilmerhale.com

Richard R. Patch *(pro hac vice forthcoming)*
Clifford E. Yin *(pro hac vice forthcoming)*
Christopher J. Wiener *(pro hac vice forthcoming)*
Sarah E. Peterson *(pro hac vice forthcoming)*
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, CA 94104
Telephone: 415-391-4800
Facsimile: 415-989-1663
Email: ef-rrp@cpdb.com
ef-cey@cpdb.com
ef-cjw@cpdb.com
ef-sep@cpdb.com

*Counsel for Defendant DraftKings Inc.*