UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Nerye Aminov, individually, and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br><br><br>DraftKings, Inc.,<br><br>      Defendant. | Case No.: 1:24-cv-08472-MKB-LKE<br><br>**DRAFTKINGS INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS** |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................................1

ARGUMENT........................................................................................................................1

    I.    Mr. Aminov Has Abandoned His Allegations Regarding Intentional Misrepresentation, Fraudulent Inducement, And Injunctive Relief ........................1

    II.    Mr. Aminov's GBL Claim Should Be Dismissed. ...................................................2

        A.    The Court Should Consider The Promotional Terms, Which Disclosed Every Requirement That He Alleges Was Concealed. ...............2

        B.    Mr. Aminov Fails to Allege an Injury Cognizable Under Sections 349 & 350. ......................................................................................................7

        C.    Mr. Aminov Fails to Satisfy the Territoriality Requirement of the GBL..........................................................................................................8

    III.    Mr. Aminov's Unjust Enrichment Claim Is An Improper Catchall.........................9

    IV.    Mr. Aminov Provides No Reason Why He Should Be Afforded Leave To Amend. ...................................................................................................................9

CONCLUSION...................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aris v. New York Guard*,
    No. 22-CV-05019, 2023 WL 5003581 (S.D.N.Y. Aug. 4, 2023) ...................................... 10

*Barker v. Bancorp., Inc.*,
    No. 21-CV-869, 2022 WL 595954 (S.D.N.Y. Feb. 25, 2022) ............................................ 2

*Cooper v. Anheuser-Busch, LLC*,
    553 F. Supp. 3d 83 (S.D.N.Y. 2021) .................................................................................. 5

*Daniel v. Mondelez Int'l, Inc.*,
    287 F. Supp. 3d 177 (E.D.N.Y. 2018) ........................................................................... 5, 8

*Derbaremdiker v. Applebee's Int'l, Inc.*,
    No. 12-CV-01058 KAM, 2012 WL 4482057 (E.D.N.Y. Sept. 26, 2012), *aff'd*,
    519 F. App'x 77 (2d Cir. 2013) ..................................................................................... 4, 6

*Dorris v. Danone Waters of America*,
    711 F. Supp. 3d 179 (S.D.N.Y. 2024) ................................................................................ 8

*Dunham v. Sherwin-Williams Co.*,
    636 F. Supp. 3d 308 (N.D.N.Y. 2022) ............................................................................... 5

*Duran v. Henkel of America, Inc.*,
    450 F. Supp. 3d 337 (S.D.N.Y. 2020) ................................................................................ 5

*Edmundson v. Klarna, Inc.*,
    85 F.4th 695 (2d Cir. 2023) ............................................................................................... 5

*English v. Danone North America Public Benefit Corp.*,
    678 F. Supp. 3d 529 (S.D.N.Y. 2023) ................................................................................ 9

*Fishon v. Peloton Interactive, Inc.*,
    No. 19-CV-11711, 2020 WL 6564755 (S.D.N.Y. Nov. 9, 2020) ...................................... 5

*Gay v. Garnet Health*,
    No. 23-CV-06950, 2024 WL 4203263 (S.D.N.Y. Sept. 16, 2024) .................................... 7

*Greene v. Clean Rite Centers, LLC*,
    714 F. Supp. 3d 134 (E.D.N.Y. 2024) ............................................................................... 9

*In re Frito-Lay North America, Inc. All Natural Litigation*,
    2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013) ................................................................... 5

*In re NCB Management Services, Inc. Data Breach Litigation*,
    748 F. Supp. 3d 262 (E.D. Pa. 2024) ...................................................................................9

*L-7 Designs, Inc. v. Old Navy, LLC*,
    647 F.3d 419 (2d Cir. 2011) ....................................................................................................3

*Livingston v. Trustco Bank*,
    No. 20-CV-1030, 2023 WL 2563208 (N.D.N.Y. Mar. 17, 2023) ........................................3

*MacNaughton v. Young Living Essential Oils, LC*,
    67 F.4th 89 (2d Cir. 2023) ......................................................................................................8

*Mantikas v. Kellogg Co.*,
    910 F.3d 633 (2d Cir. 2018) ....................................................................................................5

*Meyer v. Uber Technologies, Inc.*,
    868 F.3d 66 (2d Cir. 2017) ......................................................................................................5

*Miramontes v. Ralph Lauren Corp.*,
    No. 22-CV-04192, 2023 WL 3293424 (S.D.N.Y. May 5, 2023) .........................................9

*Nelson v. MillerCoors, LLC*,
    246 F. Supp. 3d 666 (E.D.N.Y. 2017) ...................................................................................9

*Orlander v. Staples, Inc.*,
    802 F.3d 289 (2d Cir. 2015) ....................................................................................................8

*Pichardo v. Only What You Need, Inc.*,
    No. 20-CV-493, 2020 WL 6323775 (S.D.N.Y. Oct. 27, 2020) ..........................................7

*Rosenblatt v. City of New York*,
    No. 05-CV-5521, 2007 WL 2197835 (S.D.N.Y. July 31, 2007) ........................................1

*Sands v. Ticketmaster-New York, Inc.*,
    207 A.D.2d 687 (1994) ............................................................................................................4

*Silvester v. Selene Finance, LP*,
    No. 18-CV-02425, 2019 WL 1316475 (S.D.N.Y. Mar. 21, 2019) ..................................3, 6

*TechnoMarine SA v. Giftports, Inc.*,
    758 F.3d 493 (2d Cir. 2014) ..................................................................................................10

*Valcarcel v. Ahold U.S.A., Inc.*,
    577 F. Supp. 3d 268 (S.D.N.Y. 2021) ...................................................................................8

*Wilson v. Huuuge, Inc.*,
    944 F.3d 1212 (9th Cir. 2019) ................................................................................................5

*Woo Hee Cho v. Oquendo*,
    No. 16-CV-4811, 2017 WL 3316098 (E.D.N.Y. Aug. 2, 2017) ..........................................1

*Wright v. Publishers Clearing House, Inc.*,
    439 F. Supp. 3d 102 (E.D.N.Y. 2020) ..........................................................................6, 8

**Statutes**

New York General Business Law
    § 349..................................................................................................................................1, 4
    § 350..................................................................................................................................1, 4

**INTRODUCTION**

Mr. Aminov's Opposition (the "Opposition") to DraftKings' Motion to Dismiss (the "Motion") confirms that his Complaint should be dismissed with prejudice. First, Plaintiff has abandoned his claims for fraudulent inducement and intentional misrepresentation, as well as his demand for injunctive relief, by failing to address DraftKings' well-stated grounds for dismissal. Second, nothing in the Opposition refutes the fact that his claim under General Business Law sections 349 and 350 ("GBL claim") is fatally flawed because DraftKings disclosed every requirement that Mr. Aminov contends was misrepresented. He simply argues, based on plainly inapplicable case law, that the Court cannot consider those disclosures on a motion to dismiss. He is demonstrably incorrect, and the Court can and should consider the disclosures. Finally, his last cause of action for unjust enrichment should be dismissed as an improper catchall claim which relies on facts identical to those supporting his other claims.

**ARGUMENT**

**I.     Mr. Aminov Has Abandoned His Allegations Regarding Intentional Misrepresentation, Fraudulent Inducement, And Injunctive Relief.**

Mr. Aminov does not respond to DraftKings' arguments identifying the pleading deficiencies in his second cause of action for intentional misrepresentation, his third cause of action for fraudulent inducement, and his request for injunctive relief. He therefore concedes that those portions of the Complaint should be dismissed with prejudice. *See Woo Hee Cho v. Oquendo*, No. 16-CV-4811, 2017 WL 3316098, at *2 n.3 (E.D.N.Y. Aug. 2, 2017) ("A plaintiff effectively concedes a defendant's arguments by his failure to respond to them." (internal quotation marks omitted)); *see also Rosenblatt v. City of New York*, No. 05-CV-5521, 2007 WL 2197835, at *7 (S.D.N.Y. July 31, 2007).

## II. Mr. Aminov's GBL Claim Should Be Dismissed.

### A. The Court Should Consider The Promotional Terms, Which Disclosed Every Requirement That He Alleges Was Concealed.

Mr. Aminov's GBL claim rests entirely on his allegation that DraftKings failed to disclose certain requirements for earning a $1,000 site credit bonus. In his Opposition, however, Mr. Aminov does not dispute that the Promotional Terms explained every requirement he now alleges was concealed from him. *See generally* Opp. He further does not dispute that the Promotional Terms were provided to him in advance of his first deposit. Nevertheless, Mr. Aminov argues that the Court should disregard the Promotional Terms altogether at this stage, even though Mr. Aminov expressly alleges that the advertisement he saw specifically said "View Terms" (Compl. ¶ 31). Mr. Aminov's arguments are unfounded and unsupported by authority.

In this Circuit, a plaintiff may not strategically omit key documents from the complaint to save claims from dismissal. *See, e.g.*, *Barker v. Bancorp., Inc.*, No. 21-CV-869, 2022 WL 595954, at *6 (S.D.N.Y. Feb. 25, 2022) ("The Second Circuit has cautioned district judges to be mindful of litigants who cherry-pick among relevant documents, and has clarified that district courts may consider relevant documents that are fairly implicated by a plaintiff's claims, irrespective of whether they are part of the pleadings."). Here, Mr. Aminov repeatedly referenced the Promotional Terms in the Complaint in paragraphs 31, 33, and 35 but did not include them. The Promotional Terms are key documents which directly address (and refute) Mr. Aminov's claims, and the Court should take them into consideration.

Mr. Aminov's arguments to the contrary are meritless. First, Mr. Aminov argues that DraftKings submitted no evidence that he was "shown . . . those terms." Opp. at 9-10. This is incorrect. DraftKings' Senior Vice President of Product Gary Wimbridge declared that Mr. Aminov "would have been presented with the [Promotional Terms] before he could have

deposited funds or entered the Promotion." Wimbridge Decl. ¶¶ 5–6. Mr. Wimbridge's Declaration included an example of how the Promotional Terms would have been displayed on the deposit page. *Id.* Ex. 1. Mr. Aminov argues that the Court should disregard the Wimbridge Declaration at this stage because it "contradict[s] Plaintiff's allegations." Opp. at 8. Mr. Wimbridge's Declaration provides additional and necessary context that Mr. Aminov omitted.

Second, Mr. Aminov's argument that the Court cannot consider the Promotional Terms because doing so would convert the motion to one for summary judgment is misplaced. Opp. at 8-9. Mr. Aminov ignores the established rule that courts can consider documents on a motion to dismiss that the plaintiff chose not to attach where, like here, the plaintiff has referenced them or they are integral to the allegations. *See Silvester v. Selene Fin., LP*, No. 18-CV-02425, 2019 WL 1316475, at *1 n.1 (S.D.N.Y. Mar. 21, 2019). Mr. Aminov quoted portions of the Promotional Terms, yet elected not to copy the full Promotional Terms into the Complaint. Compl. ¶ 33. That omission "may not serve as a means of forestalling the district court's decision on a 12(b)(6) motion." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (cleaned up). Mr. Aminov's argument that consideration of this material converts the Motion to a motion for summary judgment is incorrect because "documents incorporated by reference in the complaint," and "documents that, although not incorporated by reference, are 'integral' to the complaint," may be considered "without triggering the standard governing a motion for summary judgment." *Livingston v. Trustco Bank*, No. 20-CV-1030, 2023 WL 2563208, at *2 (N.D.N.Y. Mar. 17, 2023). Here, the Complaint puts at issue what was disclosed by the Promotional Terms, including by referencing them in part.

Third, Mr. Aminov contends, based on out-of-circuit, non-binding authority, that he has raised "factual questions" that preclude the Court from applying this exception and asserts that

he "cannot concede" authenticity at this time. Opp. at 9. The argument fails because Mr. Aminov does not make a cognizable authenticity objection. To adequately raise an objection to the exception, Mr. Aminov is required to offer evidence or identify an issue with authenticity. He does not. He only offers a handful of questions that he claims must be "answered through discovery." Opp. at 9.

Next, Mr. Aminov contends that the Court should disregard the Promotional Terms because he claims there is no evidence he "ever assented to the Promo Terms," by which he apparently means express affirmative agreement to them. Opp. at 14-15. Regardless of whether Mr. Aminov assented to the Promotional Terms (and he did), his claim fails because disclosure of those terms, standing alone, is all that is required to warrant dismissal. There is no requirement under New York law that a consumer assent to a disclosure through "affirmative conduct," and thus arguments like Mr. Aminov's have been rejected. *See Derbaremdiker v. Applebee's Int'l, Inc.*, No. 12-CV-01058 KAM, 2012 WL 4482057, at *6 (E.D.N.Y. Sept. 26, 2012), *aff'd*, 519 F. App'x 77 (2d Cir. 2013). In *Derbaremdiker*, the plaintiff argued "that defendant should have required an entrant to review the Official Rules and accept its terms and conditions prior to entering the Sweepstakes (e.g., by clicking a box)." *Id.* The court rejected that argument and found there was not "any legal obligation requiring such a burden." *Id.* Whether "conduct is materially misleading" under sections 349 and 350, the court held, "does not hinge on what this specific plaintiff did or did not review before entering the Sweepstakes." *Id.* at *6 & n.8 (internal citations omitted); *see also Sands v. Ticketmaster-New York, Inc.*, 207 A.D.2d 687, 687 (1994).

Mr. Aminov relies on three decisions that involve contracts, rather than advertisements for promotions, to argue his agreement through affirmative conduct was required. Opp. at 14-15

4

(citing *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 79 (2d Cir. 2017) (examining whether a plaintiff was bound by an arbitration provision); *Edmundson v. Klarna, Inc.*, 85 F.4th 695, 703-04 (2d Cir. 2023) (same); *Wilson v. Huuuge, Inc.*, 944 F.3d 1212, 1219 (9th Cir. 2019) (same)). None of Mr. Aminov's cases apply to promotional terms. Here, there was no deception regardless of whether Mr. Aminov affirmatively indicated his assent (which he did), because "[i]n view of th[e] accurate disclosure" made in the Promotional Terms, "a person of 'ordinary intelligence' could have learned" of the requirements that a user had to meet to obtain the maximum bonus. *Daniel v. Mondelez Int'l, Inc.*, 287 F. Supp. 3d 177, 199 (E.D.N.Y. 2018).

Finally, Mr. Aminov wrongly contends that the Promotional Terms were not sufficiently disclosed because of "font size," "placement," and "emphasis," and that such considerations are improper on a motion to dismiss. Opp. at 12-13. As an initial matter, the cases cited by Mr. Aminov arise in the unrelated product labeling context, and do not address disclosures made regarding terms of a promotion. *See Cooper v. Anheuser-Busch, LLC*, 553 F. Supp. 3d 83, 105 (S.D.N.Y. 2021); *Mantikas v. Kellogg Co.*, 910 F.3d 633, 637 (2d Cir. 2018); *Duran v. Henkel of Am., Inc.*, 450 F. Supp. 3d 337, 346 (S.D.N.Y. 2020); *In re Frito-Lay N. Am., Inc. All Nat. Litig.*, 2013 WL 4647512, at *1 (E.D.N.Y. Aug. 29, 2013).[1] Courts have ruled that promotional or contest terms such as the ones at issue here are *not* analogous to product labels:

> Unlike a disclosure hidden on the back panel of a consumable product, the disclaimers here involve the explicit terms of use for entry in the contests. Put simply, it is much more reasonable to

---

[1] Similarly, in *Fishon v. Peloton Interactive, Inc.*, No. 19-CV-11711, 2020 WL 6564755, at *4, *7 (S.D.N.Y. Nov. 9, 2020), the court considered contradictory advertising and terms. Mr. Aminov has not alleged any such contradiction, focusing instead on alleged *omissions* of certain requirements. His use of *Dunham v. Sherwin-Williams Co.*, 636 F. Supp. 3d 308, 315 (N.D.N.Y. 2022), to support his position is similarly unpersuasive. There, the court declined to consider as irrelevant the documents that the defendant asked the court to consider. Here, in contrast, the Promotional Terms bear directly on Mr. Aminov's claim that he was deceived and were referenced in the Complaint.

> expect a contest participant to observe the official rules of that
> contest than to expect a consumer to read the obscured fine print
> on the back of a tangible good.

*Wright v. Publishers Clearing House, Inc.*, 439 F. Supp. 3d 102, 119 (E.D.N.Y. 2020). Accordingly, courts in this Circuit routinely hold that there is no GBL claim where allegedly omitted terms were, in fact, disclosed to the consumer. Mot. at 10 (collecting cases); *see, e.g., Silvester*, 2019 WL 1316475, at *9 (holding that courts are "reluctant to find a practice is materially misleading . . . if Defendant fully disclosed the terms and conditions of the alleged deceptive transaction that caused harm to the Plaintiff").

Regardless, even if the principles applicable to labeling cases were to be applied here, DraftKings did not hide anything from its customers. The Promotional Terms were prominently hyperlinked and displayed to customers. Compl. ¶ 31. The banner advertisement directed consumers to "View Terms" adjacent to and in line with the allegedly deceptive "$1,000 deposit bonus" statement. *Id.* Similarly, on the deposit screen, users were informed that they would receive a "**20% deposit bonus up to $1,000**" and that "Bonus funds are earned as you play." Wimbridge Decl. Ex. 1, at 1. Those disclosures—which clearly state that the amount of the bonus is not automatically $1,000 but instead depends on the deposit amount and is subject to a playthrough requirement—appeared *above* where a user would make a deposit. A user would therefore have to scroll past that text before depositing. The full Promotional Terms, disclosing all allegedly omitted conditions, were also displayed to every user in similar font size and color to other text. Wimbridge Decl. Ex. 1, at 4–5. "Because the terms and conditions of the [Promotion] were fully disclosed in the [Promotional Terms], which consumers were directed to review . . . , a reasonable consumer that read the [Promotional Terms] as directed would not have been misled." *Derbaremdiker*, 2012 WL 4482057, at *6.

In sum, this Court should not reward Mr. Aminov's strategic decision to omit the full

Promotional Terms. The Promotional Terms can and should be considered, and a full review of them shows that Mr. Aminov's GBL claim must be dismissed.

### B. Mr. Aminov Fails to Allege an Injury Cognizable Under Sections 349 & 350.

Mr. Aminov's GBL claim also fails for the independent reason that he failed to identify any cognizable injury.[2] As described in the Motion, Mr. Aminov suffered no financial loss from the Promotion. Mot. at 14-15. Mr. Aminov alleges that he "signed up for or used DraftKings" and "made an initial deposit," neither of which caused him to lose money. *Id.*; Compl. ¶ 53. To the contrary, Mr. Aminov retained control over his deposit and in fact *earned* $100. Compl. ¶¶ 51–52. Mr. Aminov does not address any of these points. Rather, he simply reiterates his allegation that he "believ[ed]" he would get a deposit bonus without explaining how that caused injury nor what the injury was.[3] Opp. at 16. He also claims that he "incurred damages in the amount of his initial $500 deposit" without explaining how the deposit is "damages." *Id.* Mr. Aminov does not dispute that he retained control over his funds at all times. *See* Mot. at 2, 14-15, 19 n.3, & 22. He should not gain a double recovery and windfall by recovering damages while concededly maintaining control over his deposit. *See* Mot. at 14.

A review of Mr. Aminov's cited authorities confirms he has no proper theory of injury. His cases involve allegations that consumers purchased goods or services that they would not have paid as much for absent deception. *See Pichardo v. Only What You Need, Inc.*, No. 20-CV-493, 2020 WL 6323775, at *6 (S.D.N.Y. Oct. 27, 2020) (plaintiffs would not have "been willing to pay as much" for drink had they known it had artificial flavoring); *Gay v. Garnet Health*, No. 23-CV-06950, 2024 WL 4203263, at *7 (S.D.N.Y. Sept. 16, 2024) (plaintiffs "did not receive

---

[2] Here again, Mr. Aminov fails entirely to address his inducement and misrepresentation claims.
[3] As explained *supra*, Mr. Aminov's purported belief he would receive a deposit bonus upon making his deposit was not reasonable given the disclosures made to him, and he was never in fact entitled to a $1,000 deposit bonus based on the Promotional Terms.

the full value of their purchased services"); *Daniel*, 287 F. Supp. 3d at 198 (plaintiff paid too high a price for candy); *Orlander v. Staples, Inc.*, 802 F.3d 289, 302 (2d Cir. 2015) (equating cases where consumer was deceived into purchasing with those where plaintiff "purchased [services] but did not receive the services that Defendant misleadingly told [p]laintiff he was purchasing"); *Valcarcel v. Ahold U.S.A., Inc.*, 577 F. Supp. 3d 268, 280 (S.D.N.Y. 2021) (plaintiff must allege "she purchased a product and did not receive the full value of her purchase"); Opp. at 17 ("injury may be established by an allegation that a plaintiff overpaid").

These cases do not apply Mr. Aminov. He has not alleged that he purchased anything, let alone that he overpaid. He simply alleges that he made a withdrawable deposit and did not receive a deposit bonus that he was never entitled to. Moreover, where a plaintiff relies on a price premium theory, he must allege the products purchased and "the actual value of those products." *Wright*, 439 F. Supp. 3d at 114. The Complaint contains no such allegations. His GBL claim should be dismissed.[4]

### C. Mr. Aminov Fails to Satisfy the Territoriality Requirement of the GBL.

Mr. Aminov admits that he failed to plead that he entered the Promotion while in New York, a failure which requires the dismissal of his GBL claim.

Although he claims that *MacNaughton v. Young Living Essential Oils, LC*, 67 F.4th 89 (2d Cir. 2023) changed the requirements for pleading territoriality (Opp. at 18), his argument is unsupported. In *MacNaughton*, the Second Circuit confirmed that, for a GBL claim to lie, "the transaction in which the consumer is deceived must occur in New York." *Id.* at 99. Decisions post-dating *MacNaughton* continue to apply this requirement. *See e.g.*, *Dorris v. Danone Waters of Am.*, 711 F. Supp. 3d 179, 187 (S.D.N.Y. 2024) ("this test does not turn on the residency of

---

[4] The Opposition refers to "benefit of the bargain" without explaining what "bargain" was made or how such an injury is cognizable. This argument should not be considered.

the parties" (cleaned up)); *Eng. v. Danone N. Am. Pub. Benefit Corp.*, 678 F. Supp. 3d 529, 536 (S.D.N.Y. 2023) ("territoriality requirement 'must be pleaded'"); *Miramontes v. Ralph Lauren Corp.*, No. 22-CV-04192, 2023 WL 3293424, at *4 (S.D.N.Y. May 5, 2023) (same); *In re NCB Mgmt. Servs., Inc. Data Breach Litig.*, 748 F. Supp. 3d 262, 290 (E.D. Pa. 2024) (dismissing claim because the plaintiff's "allegation that she lives in New York is insufficient to establish a New York connection to satisfy the GBL's territoriality requirement"). Mr. Aminov does not allege that he was in New York.

### III. Mr. Aminov's Unjust Enrichment Claim Is An Improper Catchall.

Mr. Aminov contends that his final claim for unjust enrichment should not be dismissed because it has been pled in the alternative. Opp. at 18. But Mr. Aminov did not actually plead his claim in the alternative. Compl. ¶¶ 99 *et seq.* Even if he had, his claim would fail because he never explains how it differs from his others and "even pleaded in the alternative, claims for unjust enrichment will not survive a motion to dismiss where plaintiffs fail to explain how their unjust enrichment claim is not merely duplicative of their other causes of action." *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 679 (E.D.N.Y. 2017). Where, as here, the "unjust enrichment claim relies on the same facts as [plaintiff's] other causes of action," it must be dismissed. *Id.*; *see Greene v. Clean Rite Ctrs., LLC*, 714 F. Supp. 3d 134, 150 (E.D.N.Y. 2024).[5]

### IV. Mr. Aminov Provides No Reason Why He Should Be Afforded Leave To Amend.

For the reasons set forth herein and in DraftKings' moving papers, this Court should dismiss all of Mr. Aminov's claims with prejudice. Mr. Aminov's abandonment of his claims for fraudulent inducement and intentional misrepresentation, and his request for injunctive relief,

---

[5] Even if it were not duplicative, the unjust enrichment claim should be dismissed for the same reason as Mr. Aminov's other claims—there was no misrepresentation because all of the Promotion's requirements were disclosed in the Promotional Terms.

warrant dismissal with prejudice. *See Aris v. New York Guard*, No. 22-CV-05019, 2023 WL 5003581, at *6 n.3 (S.D.N.Y. Aug. 4, 2023) (dismissing claims with prejudice that plaintiff "abandoned . . . in his opposition"). As for the remaining claims, Mr. Aminov offers only a conclusory request for leave to amend. Opp. at 20. That is not enough. "To seek leave to amend, a plaintiff must at least 'provide some indication of the substance of the contemplated amendment before a court could entertain the request.'" *Aris*, 2023 WL 5003581, at *6 (citing *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (plaintiff must specify "how amendment would cure the pleading deficiencies in its complaint")). As Mr. Aminov failed to indicate how amendment could cure the fundamental flaws in his claims, leave to amend should be denied.

## **CONCLUSION**

For the reasons set forth in DraftKings' moving papers and for the foregoing reasons, the Complaint should be dismissed with prejudice.

Date:  March 24, 2025   Respectfully Submitted,


By:        /s/ Alan Schoenfeld

Alan Schoenfeld
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY  10007
Telephone:  212-937-7294
Email:     alan.schoenfeld@wilmerhale.com

Richard R. Patch (*pro hac vice*)
Clifford E. Yin (*pro hac vice*)
Christopher J. Wiener (*pro hac vice*)
Sarah E. Peterson (*pro hac vice*)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, CA  94104
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email:     ef-rpr@cpdb.com
           ef-cey@cpdb.com
           ef-cjw@cpdb.com
           ef-sep@cpdb.com

*Counsel for Defendant DraftKings Inc.*